

KEITH A. JONES
(215).965.1379 (direct dial)
kjones@panitchlaw.com

March 6, 2023

*Via ECF*
The Honorable Richard G. Andrews
USDC for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3555

  Re: **Epic Tech LLC v. VGW Luckyland, Inc. et al., DED - 1:23-cv-0118-RGA**

Dear Judge Andrews:

  Pursuant to this Court's March 1, 2023 Order [DE 10], Plaintiff Epic Tech, LLC ("Epic Tech" or "Plaintiff") files this Status Update Letter (the "Letter") and states as follows:

  As set forth in the Complaint [D.I. 1], after becoming aware of Defendants' infringement of Plaintiff's LUCKY DUCK Mark (the "Mark"), counsel for Plaintiff prepared a cease and desist letter and, on August 31, 2022, sent it to each of the Defendants' registered agents in the State of Delaware and the State of California. D.I. 1, at ¶¶ 47-50 and Exhibit I. Neither Defendant ever responded to the cease and desist letters.

  Neither Plaintiff nor Plaintiff's counsel have received any contact or communication from any Defendant as of the date of this Letter.

  Pursuant to Fed. R. Civ. P. 55(a), shortly after the submission of this Status Update Letter, Plaintiff will file a request that the Clerk enter default against both Defendants.

  Plaintiff's damages in this matter are not for a sum certain or a sum that can be made certain by computation from any evidence currently available to Plaintiff. Accordingly, Plaintiff is currently engaged in an investigation to identify one or more non-party witnesses who will be able to provide evidence in support of the Plaintiff's damages claim in its eventual default judgment. Plaintiff believes that its investigation will identify one or more such non-party witnesses in the very near future and will subsequently file a motion pursuant to Fed. R. Civ. P. 26(d) requesting an order from this Court for leave to issue subpoenas *duces tecum* (pursuant to Fed. R. Civ. P. 45(a)(1)(D)) to these non-party witnesses to provide such evidence. In its motion, Plaintiff will identify these witnesses to the Court and will provide copies of the subpoena(s) that it intends to issue to obtain the necessary evidence.

  Following the receipt of the requested documents, Plaintiff intends to prepare and file a Motion for Entry of Default Judgment and Permanent Injunction against both Defendants pursuant to Fed. R. Civ. P. 55(b)(2). Barring any delay resulting from objections or lack of response by non-party witnesses, Plaintiff estimates that it will be able to file its motion for entry



of default judgment within approximately 90 days following the entry of the order granting leave for it to serve non-party discovery.

If the Court has any questions or requests any further information, Plaintiff's counsel is ready and willing to respond.

Respectfully submitted,

**PANITCH SCHWARZE BELISARIO & NADEL LLP**

<u>/s/ Keith A. Jones</u>
Keith A. Jones (#7011)

*Attorney for Plaintiff*

KAJ/tb