IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE OF DELAWARE

| | |
|---|---|
| EPIC TECH, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VGW LUCKYLAND, INC., and<br>VGW HOLDINGS US, INC.,<br><br>    Defendants. | Civil Action No. 1:23-cv-00118-RGA |

**MOTION FOR LEAVE TO CONDUCT
LIMITED NON-PARTY DISCOVERY**

    Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Epic Tech, LLC ("Epic Tech" or "Plaintiff") files this Motion for Leave to Conduct Limited Non-Party Discovery in advance of the appearance of any defendant in the present action and shows as follows:

*Factual Background*

    As is set forth in Epic Tech's Verified Complaint [D.I. 1], Epic Tech is a business engaged in the design, development, and development of computer gaming hardware and software.  *Id*. at ¶ 9. One of the many gaming software titles distributed and sold by Epic Tech is "Lucky Duck."  *Id*. at ¶ 10.  The LUCKY DUCK title has been the subject of a registered trademark in the United States since September 2010.  *Id*. at ¶ 11.  The LUCKY DUCK mark has been used on gaming machine consoles and software continuously since 2010.  *Id*. at ¶ 19.  Since 2014, the LUCKY DUCK mark has been used on mobile gaming software produced and distributed pursuant to license by Epic Tech's wholly-owned subsidiary, Big Frog Games, LLC.  *Id*. at ¶¶ 23-25.

Defendants VGW Luckyland, Inc. ("Luckyland") and VGW Holdings US, Inc. ("Holdings") (collectively, "VGW" or "Defendants') own and operate an interactive "online casino" website on which customers can choose to play for free or to purchase an online currency, "Sweeps Coins," and wager for a chance at an actual payout.  *Id*. at ¶¶ 28-32.  At least two of the online games offered by Defendants are titled, "Lucky Duck."  *Id*. at ¶ 51.  On their website and in their online marketing for their website, Defendants make extensive use of a cartoon duck often in connection with the words, "Lucky Duck."  *Id*. at ¶ 52.  Upon information and belief, Defendants have used the LUCKY DUCK word mark and one or more image marks which are confusingly similar to Epic Tech's LUCKY DUCK mark since 2018.

### *Damages Investigation by Epic Tech*

On March 2, 2023, an investigator employed by Plaintiff's counsel used his credit card to purchase a quantity of "Sweeps" coin from Defendants' website.  See Exhibit A, Declaration of Thomas M. Huhn ("Huhn Dec.") at ¶ 5.  The charge information on his credit card identifies the merchant as "LUCKYLAND" and provides a telephone number and a zip code located in California, but no other information about the entity who received the payment.  *Id*. at Exhibit A-1.

### *Procedural Background*

Defendant VGW and Defendant Holdings were each served, via their registered agents in the State of Delaware, with summons and the Verified Complaint on February 3, 2023.  See Entry of Service at D.I. 7 and 8.  No answer or other responsive pleading was filed or served by either defendant, and on March 8, 2023, the Clerk entered default against VGW and Holdings.  See D.I. 14.  Neither defendant has appeared or made any filing since being placed in default.

### *The Discovery Sought by Epic Tech*

Epic Tech seeks leave from this Court to serve a non-party subpoena pursuant to Fed. R. Civ. P. 26(d)(1) and 45(a)(1)(D) on the bank, Barclays Bank Delaware ("Barclays") which issued the credit card used by its investigator to purchase Sweeps Coins from Defendants' website. It is believed that Barclays can provide additional, specific information regarding (1) the investigator's specific transaction (e.g., the unique transaction identifier) and (2) the identity of the credit card processor and/or recipient of the funds. A proposed subpoena requesting this information is attached hereto as Exhibit B.

It is believed that, once this information is obtained from Barclays, Plaintiff will be able to identify the bank(s) and/or credit card processor(s) used by Defendants in the operation of their website, and that those entities can be subpoenaed to provide revenue information sufficient to support a motion for default judgment by Epic Tech.

### *Authority and Requested Relief*

Federal Rule of Civil Procedure 26(d)(1) permits a party to conduct discovery in advance of the conference of parties required by Fed. R. Civ. P. 26(f), "when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts frequently grant requests for discovery regarding absentee defendants. *See Delta Airlines Inc. v. Does 1-5*, C.A. 1:13-cv-03899-TWT (N.D. Ga.) at D.I. 5 (April 11, 2014); *Ensor v. Does 1-15*, C.A. 19-cv-00625-LY (W.D. Tex.) at D.I. 14 (Sept. 23, 2019).

Plaintiff seeks leave from this Court to serve a non-party subpoena requesting documents pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), in order to obtain the information identified in the prior section, (i.e., specific information about the investigator's transaction and the credit card processor and/or recipient bank for the transaction). A true and correct copy of

the proposed subpoena is attached hereto at Exhibit B. A proposed Order granting this relief is attached hereto at Exhibit C.

| | |
|---|---|
| Dated: April 4, 2023 | Respectfully submitted, |
| | PANTICH SCHWARZE BELISARIO & NADEL LLP |
| *Of Counsel:* | */s/ Keith A. Jones* |
| | John D. Simmons (#5996) |
| Kelly O. Wallace (*pro hac vice*) | Keith A. Jones (#7011) |
| Samuel A. Mullman (*pro hac vice*) | Wells Fargo Tower |
| WELLBORN, WALLACE & MULLMAN, LLC | 2200 Concord Pike, Suite 201 |
| 1218 Menlo Drive, N.W., Suite E | Wilmington, DE 19803 |
| Atlanta, GA 30318 | Telephone: (302) 394-6030 |
| Telephone: (404) 352-3990 | jsimmons@panitchlaw.com |
| kelly@wellbornlaw.com | kjones@panitchlaw.com |
| sam@wellbornlaw.com | |
| | **Counsel for Plaintiff Epic Tech, LLC** |