IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EPIC TECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-118-RGA |
| | ) |
| VGW LUCKYLAND, INC., and VGW | ) |
| HOLDINGS US, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

OF COUNSEL:
Behnam Dayanim
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
(202) 339-8400

Gregory Beaman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000

Sarah Shyy
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
(949) 567-6700

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for VGW Luckyland, Inc. and
VGW Holdings US, Inc.*

Dated: June 5, 2024

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    A.    Plaintiff Has Not Shown It Would Be Prejudiced by Setting Aside the Default ................................................................................................................... 2

    B.    Plaintiff Has Not Shown Bad Faith or Willful Misconduct by VGW ................... 5

    C.    VGW Should Not Be Sanctioned for Bringing a Meritorious Motion to Set Aside the Default, Especially Given its Good Faith and the Lack of Prejudice ................................................................................................................ 8

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Advanced Mktg. Servs., Inc.*,
   448 B.R. 321 (Bankr. D. Del. 2011) ...........................................................................................4

*Chase Manhattan Bank v. Iridium Africa Corp.*,
   No. 00–564–RRM(JJF)(MPT), 2002 WL 732070 (D. Del. Apr. 5, 2002) ............................3, 4

*Crespo v. Masorti & Sullivan, P.C.*,
   No. 3:20-CV-00101-CRE, 2021 WL 2550649 (W.D. Pa. June 22, 2021) ............................2, 3

*Feliciano v. Reliant Tooling Co.*,
   691 F.2d 653 (3d Cir. 1982) .......................................................................................................3

*Girafa.com, Inc. v. Smartdevil Inc.*,
   728 F. Supp. 2d 537 (D. Del. 2010) ..........................................................................................3

*Hausmann v. Roscher*,
   No. CIV.A.00-CV-351, 2001 WL 115462 (E.D. Pa. Feb. 6, 2001) ..........................................8

*Heleasco Seventeen, Inc. v. Drake*,
   102 F.R.D. 909 (D. Del. 1984) .................................................................................................2

*Hill v. Williamsport Police Dep't*,
   69 F. App'x 49 (3d Cir. 2003) ..................................................................................................1

*Miles v. Aramark Correctional Serv.*,
   236 F. App'x 746 (3d Cir. 2007) ..............................................................................................1

*Mowafy v. Noramco of Del., Inc.*,
   No. 05–733, 2007 WL 2828013 (D. Del. Sept. 27, 2007) ........................................................2

*Purnell v. Del. Dep't of Ins.*, C.A. No. 20-1058-RGA, 2022 WL 610701, at *4-5
   (D. Del. Feb. 25, 2022) .............................................................................................................8

*Richardson v. Southwest Credit Sys., L.P.*,
   No. 19-5421, 2020 WL 3402430 (E.D. Pa. June 19, 2020) ......................................................8

*Ruhle v. Housing Authority of City of Pittsburgh*,
   54 F. App'x 61 (3d Cir. 2002) ..................................................................................................5

*Sunoco, Inc. (R&M) v. Global Recycling & Demolition, LLC*,
   300 F.R.D. 253 (E.D. Pa. 2014) ................................................................................................2

*Turner v. Corr. Med. Servs., Inc.*,
    262 F.R.D. 405 (D. Del. 2009) ...........................................................................................1

*U.S. v. $55,518.05 in U.S. Currency*,
    728 F.2d 192 (3d. Cir. 1984)..............................................................................................7

Defendants VGW Luckyland, Inc. and VGW Holdings US, Inc. (together, "VGW"), respectfully submit this reply in further support of their motion to set aside the Rule 55(a) default entered by the Clerk on March 8, 2023 (D.I. 31). Capitalized terms not defined herein have the same meaning as in VGW's opening brief (D.I. 32).

## PRELIMINARY STATEMENT

Plaintiff concedes that VGW has meritorious defenses to its claims, which is the real reason why Plaintiff opposes setting aside the default. This is decidedly *not* about "prejudice" to Plaintiff. Indeed, as this Court stated in its April 26, 2024, Order, Plaintiff "has made little effort and little progress on its damages investigation since" the Clerk entered default "more than a year ago." D.I. 29. Nor is this about "bad faith" on the part of VGW, as VGW was not aware of this lawsuit until April 23, 2024, and acted immediately to retain counsel and appear in this case. VGW is prepared and looks forward to litigating (and defeating) Plaintiff's claims *on the merits*, which is the preference in this Circuit. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003) ("Our Court does not favor entry of defaults or default judgments, as it prefers adjudications on the merits."). *That* is what this is about: Plaintiff wants to avoid an adjudication on the merits because its claims will fail for all the reasons stated in VGW's motion, among others. Plaintiff's desire to avoid litigating its defective claims on the merits is not a basis to uphold the default.

## ARGUMENT

Courts in this Circuit consider three factors in determining whether to set aside an entry of default: (1) whether the plaintiff would be prejudiced if the default were set aside; (2) whether the defendant has meritorious defenses; and (3) whether the default was the result of the defendant's culpable conduct. *Miles v. Aramark Correctional Serv.*, 236 F. App'x 746, 751 (3d Cir. 2007). Courts do not require all three factors to favor the defendant. In fact, courts often set aside defaults even where the defendant was clearly culpable, as long as the defendant has a meritorious defense

and the plaintiff has failed to show prejudice. *See*, *e.g.*, *Turner v. Corr. Med. Servs., Inc.*, 262 F.R.D. 405, 408-09 (D. Del. 2009) (declining to enter default judgment "[d]espite defendant's culpable conduct," because there was no prejudice to plaintiff given that nothing had occurred that "affect[ed] his ability to litigate the *merits* of this case" and defendant had "litigable defenses") (emphasis in original); *Mowafy v. Noramco of Del., Inc.*, No. 05–733, 2007 WL 2828013, at *4 (D. Del. Sept. 27, 2007) (declining to enter default judgment because "[a]lthough [defendant] is responsible for the default, it has a litigable defense and [plaintiff] will not be prejudiced"). Plaintiff concedes VGW has meritorious defenses; Plaintiff has not shown it would be prejudiced if the default were set aside; and VGW did not act in bad faith. The default should thus be set aside.

### A. Plaintiff Has Not Shown It Would Be Prejudiced by Setting Aside the Default

Plaintiff bears the burden of establishing that it would be prejudiced if the Clerk's entry of default were set aside. *See Heleasco Seventeen, Inc. v. Drake*, 102 F.R.D. 909, 915 (D. Del. 1984) ("The burden of establishing prejudice to the plaintiff resulting from setting aside the default judgment rests upon the plaintiff.") (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("[Plaintiff] has not demonstrated any prejudice that would result from opening the judgment[.]")); *Sunoco, Inc. (R&M) v. Global Recycling & Demolition, LLC*, 300 F.R.D. 253, 256 (E.D. Pa. 2014) ("Sunoco [the plaintiff] has the burden of establishing that it would be prejudiced by our setting aside the default judgment[.]"); *Crespo v. Masorti & Sullivan, P.C.*, No. 3:20-CV-00101-CRE, 2021 WL 2550649, at *3 (W.D. Pa. June 22, 2021) ("A plaintiff bears the burden of establishing that he or she would be prejudiced by the setting aside of the default judgment[.]").

Plaintiff will not be prejudiced if the entry of default is set aside, including because nothing has occurred in the proceedings to date that has hindered Plaintiff's ability to pursue its claims. D.I. 37 at 4. Plaintiff *does not dispute this*, nor does Plaintiff claim loss of evidence or increased potential for fraud or collusion. *Id.* at 8. Plaintiff's only claim of prejudice is VGW's "delay in

2

acknowledging the litigation" and Plaintiff's supposed "reliance [on] the entry of default" by seeking third party discovery "to support an eventual motion for entry of default judgment." *Id*.

Plaintiff's "delay" argument fails because, as the Third Circuit has held, "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding." *Feliciano*, 691 F.2d at 656-57. If delay is not sufficient prejudice to prevent setting aside a default ***judgment***, it certainly is not sufficient to bar setting aside a mere ***entry of default***. *See Girafa.com, Inc. v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 544 (D. Del. 2010) (defendant's "substantial" two-year delay in appearing after service was insufficient prejudice to set aside clerk's entry of default)[1]; *see also Chase Manhattan Bank v. Iridium Africa Corp.*, No. 00–564–RRM(JJF)(MPT), 2002 WL 732070, at *3 (D. Del. Apr. 5, 2002) (one-year delay was not sufficient to establish "substantial prejudice").

Plaintiff's "reliance" argument also is without merit. Plaintiff claims that it "diligently sought evidence from non-party witness banks to support an eventual motion for entry of default judgment," and speculates that VGW "intended to ignore this litigation until Plaintiff was on the eve of obtaining [such] evidence[.]" D.I. 37 at 8. But Plaintiff's argument is belied by the record, which clearly demonstrates that Plaintiff has ***not*** substantially relied on the entry of default and, in fact, has "made little effort and little progress on its damages investigation" since default was entered in March 2023. D.I. 29. Indeed, Plaintiff has only served subpoenas on two banks (Barclays and Fifth Third), and Plaintiff concedes that both banks have, to date, "failed to provide any

---

[1] Plaintiff tries to distinguish *Girafa* on the ground that the "defendant had not formally appeared in the action but had been allowed to participate without counsel by leave of the court, and had done so since the beginning of the litigation." D.I. 37 at 8-9. But the defendant's "participation" consisted solely of requesting postponements of its obligation to respond. 728 F. Supp. 2d at 540-41. If anything, that ***favors*** setting aside the default here, as the court found insufficient prejudice (*id*. at 544-45) even where the defendant had actual knowledge of the lawsuit from the beginning and deliberately chose not to appear for nearly two years after the default was entered (*id*. at 541).

meaningful responses to the subpoenas." D.I. 37 at 2; *see also* D.I. 18, 24, 26, 30, 35. Moreover, it appears that Plaintiff only undertook the minimal efforts it did with respect to its subpoenas after being prompted to do so by the Court's orders for status updates after ***months*** of no activity. *See* D.I. 17 (ordering status update after over two months of no activity); D.I. 23 (ordering status update after three months of no activity); D.I. 25, 29 (ordering status update after over a month of no activity and requiring reports every two weeks given Plaintiff's "little effort and little progress").

In any event, that Plaintiff incurred unidentified costs to half-heartedly pursue limited discovery is not a basis for finding prejudice. *See Iridium Africa*, 2002 WL 732070 at *3 (rejecting plaintiff's claim of prejudice based on "substantial costs . . . attempting to enforce the default judgment by finding [defendant's] assets," including because plaintiff "has not detailed exactly what costs it incurred in attempting to enforce the judgment and, in any event, those efforts will not go entirely to waste should [defendant] be found liable on the merits"); *In re Advanced Mktg. Servs., Inc.*, 448 B.R. 321, 329 (Bankr. D. Del. 2011) ("time and money spent perfecting and pursuing [a] default judgment" was insufficient to establish prejudice). Moreover, Plaintiff was ***not*** in fact "on the eve of obtaining evidence necessary to seek entry of a default judgment" (D.I. 37 at 8) when VGW's counsel contacted Plaintiff's counsel on April 26, 2024. According to Plaintiff's contemporaneous status report on April 25, 2024, Fifth Third informed Plaintiff it "did not locate any responsive records to the subpoena" and Plaintiff had not been able to get any more information. D.I. 26. Thus, Plaintiff's rank speculation that VGW only acknowledged this action because Plaintiff was about to get what it needed for a default judgment is demonstrably false.

Plaintiff has not come close to meeting its burden of showing that it would be prejudiced if the default were set aside. Therefore, this factor weighs in favor of setting aside the default. Taken together with the meritorious defense factor (which Plaintiff concedes favors VGW) and

4

the Third Circuit's "strong preference that cases be decided on the merits" rather than through defaults, *Ruhle v. Housing Authority of City of Pittsburgh*, 54 F. App'x 61, 62 n.1 (3d Cir. 2002), the Court need not look any further to set aside the default. But even if the Court were to consider the "culpable conduct" factor, Plaintiff has not shown bad faith or willful misconduct by VGW.

### B. Plaintiff Has Not Shown Bad Faith or Willful Misconduct by VGW

Plaintiff concedes that "culpable conduct" in this context requires a showing that VGW acted "willfully or in bad faith." D.I. 37 at 3. This standard is not met here because, as Mr. Thunder testified in his declaration: (1) VGW has no records of receiving the summons, complaint, or any other process in this case from Plaintiff or CTC, VGW's one-time registered agent that it replaced after experiencing difficulties with CTC during the relevant time period here; and (2) VGW did not have actual knowledge of this lawsuit until April 23, 2024, when its outside counsel discovered it and notified the company. D.I. 33 ¶¶ 5-7. Upon learning of this suit, VGW immediately began efforts to retain Delaware counsel and appear in this action. D.I. 32 at 2. And VGW has confirmed it is prepared to litigate and defeat Plaintiff's defective claims **on the merits**. *Id*. at 5-14.

Plaintiff contends that VGW failed to establish a lack of culpability because it did not explain what "difficulties" it experienced with CTC, nor did VGW undertake an investigation to discover this lawsuit (which it had no reason to know existed) when it discovered "there was an issue receiving notices from [its] registered agent[]." D.I. 37 at 7. This argument is without merit.

***First***, Plaintiff cites no authority that imposes an affirmative obligation on companies to actively search for lawsuits they have no reason to believe exist. That Plaintiff sent VGW a cease-and-desist letter five months before filing this action does not change this. D.I. 37 at 4, 7-8.

***Second***, Mr. Thunder's declaration testimony in *Doe v. VGW Malta Ltd., et al.*, Case No. 6:23-cv-01360 (M.D. Fla.)—which Plaintiff selectively quotes and mischaracterizes—explains the difficulties VGW was having with CTC that Plaintiff claims VGW has not identified. D.I. 37 at 7.

5

In that case (which VGW removed from state to federal court), VGW moved to set aside a default judgment that had been entered by a Florida state court because VGW never received process from CTC and had been unaware of the case. *See* **Exhibit A**. Mr. Thunder submitted a declaration in that case—cited by Plaintiff here—attesting that CTC had rejected service of the *Doe* papers for lack of a "current, valid address for VGW Luckyland on file." D.I. 38-1, A-2 ¶¶ 6-7. Plaintiff notes that Mr. Thunder stated in that declaration that he did "not know . . . why [CTC] did not have a current, valid address for VGW Luckyland on file." D.I. 37 at 7 (quoting D.I. 38-1, A-2 ¶ 7).

Plaintiff attempts to contrast Mr. Thunder's declaration in *Doe* with his declaration in this case, arguing that VGW has not shown CTC rejected service here or explained what difficulties it was having with CTC when service was apparently made on CTC in February 2023 but never forwarded to VGW. D.I. 37 at 7. But Plaintiff omitted a supplemental declaration filed by Mr. Thunder in *Doe*, in which he confirmed, after further investigation, that VGW did not receive the *Doe* process from CTC because, "[t]hroughout the period from December 2022 through July of this year [2023], VGW Luckyland changed U.S. addresses twice, and VGW Luckyland was late in advising CT Corp. of those changes, which likely caused some of the miscommunication. While the company had U.S. postal forwarding in place, CT Corp. appears to have used an alternative delivery method (UPS)." **Exhibit B** ¶ 3. These are the difficulties that VGW believes caused it not to receive process in this case from CTC in February 2023 or any time thereafter. D.I. 33 ¶ 7.

Once VGW learned of the *Doe* suit, it immediately appeared and moved to set aside the default, just as it has done in this case.[2] VGW's activity in *Doe*, this case, and the others cited by Plaintiff in fact prove VGW's good faith here. The record clearly reflects that VGW has

---

[2] The *Doe* plaintiff withdrew his suit before a ruling on VGW's set-aside motion, after VGW filed a motion to compel arbitration and to strike the plaintiff's putative class action claims.

participated in every single case in which it has been party, and in the only two instances where default has been entered against it due to the address change miscommunication with CTC (*Doe* and this case), VGW has immediately appeared after learning of the suit. D.I. 38-1, A-1.

*Third*, neither Plaintiff nor its counsel ever contacted VGW or its counsel, even though there were multiple opportunities for them to do so. Plaintiff incorrectly claims that the only way to contact VGW was by serving its registered agent because VGW's "[w]ebsite provided no other addresses or other means for contacting VGW." D.I. 37 at 1. In fact, the home page of VGW Luckyland's website (https://www.luckylandslots.com) contains a prominent "Contact Us" link that provides an email address to contact VGW Luckyland: support@luckylandslots.com. The Luckyland Slots Terms of Service on the website also provide VGW's contact information:

> If you would like to contact our Customer Support department or have a complaint regarding our Platform (including any Game), you may contact us by selecting the 'Contact Us' link on the Platform and filling in the form 'Request Support' or by emailing concerns@luckylandslots.com.

https://www.luckylandslots.com/terms § 20.1. Plaintiff does not claim to have made any such attempt to contact VGW. Nor did Plaintiff's counsel ever contact VGW's counsel before or after filing this lawsuit, even though Plaintiff now points to PACER records showing that VGW was participating in other lawsuits and was represented by the same counsel in each of them. Plaintiff's lack of interest in contacting VGW or its counsel to find out why VGW was responding to all other suits, but not this one, appears strategic on Plaintiff's part and should not be held against VGW.

The record reflects that VGW acted in good faith and with excusable neglect at worst. Plaintiff has fallen well short of establishing willful misconduct or bad faith that would warrant upholding an entry of default rather than resolving this case on the merits. *See U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d. Cir. 1984) ("[T]his court does not favor entry of

defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits.").

### C. VGW Should Not Be Sanctioned for Bringing a Meritorious Motion to Set Aside the Default, Especially Given its Good Faith and the Lack of Prejudice

Plaintiff alternatively argues that, if the Court sets aside the default, Plaintiff should be awarded its attorneys' fees incurred "from the entry of default through its opposition of the motion to set aside," as a sanction for VGW's delay. D.I. 37 at 9. This request should be denied.

Plaintiff should not be awarded any fees given that VGW was not culpable, VGW has meritorious defenses to Plaintiff's claims, Plaintiff failed to take obvious steps to try to contact VGW (including sending an email to its publicly posted email address or contacting counsel) before seeking entry of the default, and Plaintiff "has made little effort and little progress on its damages investigation since" default was entered "more than a year ago." D.I. 29; *see also Purnell v. Del. Dep't of Ins.*, C.A. No. 20-1058-RGA, 2022 WL 610701, at *4-5 (D. Del. Feb. 25, 2022) (no culpable conduct where defendant "has no record of receiving mailed service," "was unaware of the lawsuit and, when it discovered its existence, took immediate action"); *Richardson v. Southwest Credit Sys., L.P.*, No. 19-5421, 2020 WL 3402430, at *3-4 (E.D. Pa. June 19, 2020) (setting aside default and declining to award fees given defendant's "conduct does not evince bad faith" where it had "no record of what happened to the piece of mail once it was received, but it was not marked in SWC's system as any sort of litigation matter."); *Hausmann v. Roscher*, No. CIV.A.00-CV-351, 2001 WL 115462, at *3 (E.D. Pa. Feb. 6, 2001) (setting aside default and declining to award fees "[i]n the absence of any willfulness or bad faith on behalf of Defendant").[3]

---

[3] Even if the Court were inclined to grant Plaintiff fees, Plaintiff certainly should not be awarded any fees for work opposing this motion. VGW should not be penalized for pursuing a meritorious motion to set aside after attempting to resolve this issue on consent.

8

## **CONCLUSION**

For the reasons set forth above and in VGW's opening brief, VGW respectfully requests this Court set aside the entry of default entered by the Clerk in this action, and grant VGW leave to file a responsive pleading within 30 days of granting this motion.

|  |  |
|---|---|
| OF COUNSEL:<br>Behnam Dayanim<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>2100 Pennsylvania Avenue NW<br>Washington, D.C. 20037<br>(202) 339-8400<br><br>Gregory Beaman<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019-6142<br>(212) 506-5000<br><br>Sarah Shyy<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>2050 Main Street<br>Suite 1100<br>Irvine, CA 92614-8255<br>(949) 567-6700<br><br>Dated: June 5, 2024 | /s/ Andrew E. Russell<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>*Attorneys for VGW Luckyland, Inc. and VGW Holdings US, Inc.* |

9