# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, on behalf of himself and all
others similarly situated,

    Plaintiff,
v.                                                    Case No. 6:23-CV-01360

VGW MALTA LTD., and
VGW LUCKYLAND, INC.,

    Defendants.
_____/

## AMENDED[1] MOTION TO SET ASIDE PARTIAL DEFAULT ENTERED BY STATE COURT

Defendant VGW Luckyland, Inc., specially appears while preserving all defenses through its undersigned counsel and moves to set aside the partial default judgment entered by the Eighteenth Judicial Circuit Court in and for Seminole County in Case No. 2023CA002760 before the case was removed to this Court. As set forth below, the default judgment should be vacated because VGW Luckyland had not been properly served with the summons and complaint and VGW Luckyland has meritorious defenses to the claims asserted.

## PERTINENT BACKGROUND

VGW Luckyland is a Delaware corporation. *See* Declaration of Michael Thunder filed herewith ("Thunder Decl.") ¶ 3. On May 3, 2023, Plaintiff "John Doe" (the "Plaintiff") filed suit against the VGW Luckyland and VGW Malta Ltd. (together "VGW Group") in the

---

[1] This Motion is being amended and refiled due to inadvertent omission of the 3.01g conferral certification which has now been added. The Motion is otherwise identical.

Circuit Court of Seminole County, Florida, Case No. 23-CA-002760. The VGW Group specializes in the development and publication of casino-themed online social games. The Plaintiff alleges that the VGW Group's games violate Florida law.

Counsel for Plaintiff, Dennis Wells, attempted to serve VGW Luckyland by delivering various filings to CT Corporation System ("CT Corp.") as VGW Luckyland's registered agent. *See* Thunder Decl. ¶¶ 5. At the time of Plaintiff's attempted service, CT Corp. believed it did not have an active account or current address on file for VGW Luckyland, which resulted in CT Corp. sending Mr. Wells written notices of rejected service of process. *Id.* ¶¶ 6-7 & Exs. A-E thereto. The Notices stated that CT Corp. was unable to forward the documents to VGW Luckyland, stating:

> Inactive Entity: The entity you are attempting to serve is either discontinued on our records and/or inactive with the Secretary of State. Accordingly, we no longer have any active agreement with the entity to operate as its registered agent for service of process, and we no longer have current delivery instructions on file.
>
> To be clear, for the aforementioned reason(s), we have not been able to forward the documents that you are attempting to serve to any party. . . If you do not correct the errors identified herein, the party you are trying to serve will not receive notice of these documents.

*Id.* at Exs. A-E. In the short time since learning of this lawsuit, VGW Luckyland has been unable to properly confer with CT Corp. in order to obtain explanation as to why CT Corp.'s records were not accurately updated as per submissions from VGW Group with periodic updated addresses for VGW Luckyland. *Id.* ¶ 7.

VGW Luckyland had not received any papers from CT Corp. when Plaintiff requested entry of default and then default judgment from the state court on the basis of VGW Luckyland's failure to file a responsive paper or pleading. A copy of the motion for clerk's default and the subsequent motion for default judgment filed by Plaintiff is attached

2

hereto as **Composite Exhibit 1** (also contained in the removal papers, ECF Doc. 1-3, Page ID nos. 66-68, 71-73). VGW Luckyland did not become aware of the existence of this lawsuit until July 11, 2023, by way of notification from an unrelated company that received a copy of certain filings directed to VGW Luckyland but delivered to an old address with which VGW Luckyland was but is no longer associated. Declaration of Michael Thunder in Support of Removal, ECF Doc. 1-5 (Thunder Removal Decl.), ¶ 6.

Plaintiff alleges in this case that the VGW Group's games are unlawful contests of chance under Florida law. Compl. ¶¶ 69-71. Plaintiff seeks certification of this case as a class action on behalf of himself and all other individuals in Florida who made purchases on the VGW Group's Luckyland Slots and Chumba Casino games during the applicable limitations period. *Id.* ¶ 60. Plaintiff seeks to recover on behalf of himself and the putative class all amounts spent by all players in Florida on the Luckyland Slots and Chumba Casino games over at least the four years preceding the filing of the complaint. Compl. ¶ 68 (making claim under Chapter 849 of Florida statutes) and ¶ 91 (claim under Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211); *see also* Fla. Stat. § 95.11(3) (establishing four-year statute of limitations for actions of this nature). The state court's partial default judgment, entered on June 14, 2023, is attached hereto as **Exhibit 2** (*see also* ECF Doc. 1-3, Page ID nos. 74-75). The state court's partial default judgment did not include any analysis or findings regarding the legal correctness of Plaintiff's claims.

VGW Malta Ltd. promptly removed this case to this Court on July 19, 2023. VGW Luckyland consented and joined in the removal. Simultaneously herewith, VGW Group is

filing a *Motion to Compel Arbitration, Strike Class Claims and Stay Proceedings* (the "Motion to Compel Arbitration").

**MEMORANDUM OF LAW**

I.  **Standard to Set Aside Default Judgment**

Federal Rule of Civil Procedure 60(b) governs when a final judgment may be set aside. Fed. R. Civ. P. 60(b). The subparts pertinent to this motion provide:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> …
> (4) the judgment is void;
> …
> (6) any other reason that justifies relief.

*Id.* Florida Rule of Civil Procedure 1.540(b) is nearly identical, except there is no subpart (6).

In the Eleventh Circuit, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244-45 (11th Cir. 2015); *accord In re Worldwide Web Sys.*, 328 F.3d at 1295. Similarly, the Florida state courts liberally construe rules in setting aside default judgments in the interest of achieving substantial justice and allowing trial on the merits. *See Johnson v. Johnson*, 845 So. 2d 217, 220 (Fla. 2d DCA 2003); *Builders Supply Co. v. Maldonado*, 405 So. 2d 1345, 1348 (Fla. 3d DCA 1981); *County Nat'l Bank of N. Miami Beach v. Sheridan, Inc.,* 403 So. 2d 502, 505 (Fla. 4th DCA 1981).

4

Because the default judgment in this instance was only "partial" – it did not resolve all claims (leaving open the questions of the adequacy of Plaintiff as class representative, class certification and damages), nor did it enter judgment against all defendants (only VGW Luckyland) – it should be viewed as interlocutory, not final, and "may be revised under Rule 54(b) without satisfying Rule 60(b)." 10A Charles Alan Wright et al., *Federal Practice and Procedure § 2695*, at 142 n.1 (citation omitted). Rule 55(c) further permits this Court to "set aside an entry of default for good cause," without having to meet the additional hurdles for final judgments set out under Rule 60(b). VGW Luckyland nevertheless first addresses the more exacting factors under Rule 60(b) in the event the Court determines that it applies, before briefly discussing the more forgiving requirements under Rules 54 and 55.

## II.     VGW Luckyland Satisfies the Requirements for Set Aside

As noted above, set aside is appropriate under several subparts of Rule 60(b). In this case, subparts (1), (4) and (6) go together and establish that the default judgment should be set aside.

### A.     Lack of Proper Service

As set forth in the CT Corp. Declaration, VGW Luckyland was never properly served with the summons and complaint. "[I]nsufficient service of process under Rule 60(b)(4) implicates personal jurisdiction and due process concerns. Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982)); *accord Shepheard v. Deutsche Bank Trust Co. Americas*, 922 So. 2d 340, 344-

5

45 (Fla. 5th DCA 2006); *Re-Employment Servs, Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471-72 (Fla. 5th DCA 2007). Here, not only was there no proper service of process upon VGW Luckyland, but the Plaintiff was notified in writing that no service occurred shortly after the partial default judgment was entered. Thunder Decl. ¶ 6 & Exs. A-E. Plaintiff nevertheless has refused to consent to this Motion. VGW Luckyland respectfully asserts that the lack of proper service surely qualifies as an "other reason that justifies relief" as provided by Rule 60(b)(6).

**B. <u>Fictitious plaintiff</u>**

Plaintiff's failure to comply with Florida Rules of Civil Procedure provides another basis to set aside the partial default judgment. Because the state complaint was not even brought by an identifiable plaintiff, but rather a fictitious party, it failed to meet Florida's pleading rules. Rule 1.100(c)(1) of Florida Rules of Civil Procedure provides that every pleading must contain "the name of all of the parties. . . ." *See Fink v. Holt*, 609 So.2d 1333 (Fla. 4th DCA 1992). Dismissal of a complaint is warranted for failure to follow the rules of pleading, although a plaintiff should be given an opportunity to amend. *See Barrett v. City of Margate*, 743 So.2d 1160, 1162 (Fla. 4th DCA 1999).

Courts have created a very narrow exception which permits a plaintiff to utilize a pseudonym. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *see also* LR 1.11(a), M.D.Fla. (explaining "Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is

6

unavailable absent a compelling justification."). Similarly, in Florida state courts, "all trials, civil and criminal, are public events and there is a strong presumption of public access to these proceedings and their records, subject to certain narrowly defined exceptions." *Barron v. Fla. Freedom Newspapers, Inc.*, 531 So.2d 113, 114 (Fla. 1988). As a private party, VGW Luckyland has an interest in protecting its reputation while defending a civil lawsuit for money damages. *See, Doe v. Shakur*, 164 F.R.D. 359 (S.D. N.Y. 1996); *Southern Methodist Univ. Assoc. of Women Law Students v. Wynne & Jaffe*, 599 So.2d 707 (5th Cir. 1979). The complaint admits that Plaintiff participated in VGW Luckyland's online games but asserts that such games violate Florida law. Basic fairness requires that as a consequence of voluntarily engaging in the activity and deciding to sue Defendants in a public lawsuit, Plaintiff should be required to do so in Plaintiff's real name rather than be permitted to do so from behind the protective cloak of anonymity. Thus, the default judgment in favor of a fictitious plaintiff should be deemed void or at least set aside as unjust, pursuant to Rule 60(b)(4) and (6).

### C. No findings or determination by state court

Even when a default is entered due to failure by a defendant to answer, that does not mean a plaintiff is entitled to all the relief requested in a complaint. *See Surtain*, 789 F.3d at 1245. As the Eleventh Circuit has explained "while a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law," and "[e]ntry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Id.* (emphasis added) (quoting in part *Cotton v. Mass. Mut. Life Ins.*

*Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) and *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The state court made no findings regarding the facts, provided no analysis of the claims, and gave no conclusions of the applicable law. As such, the default judgment is completely deficient and should be set aside pursuant to Rule 60(b)(6) for that reason.

### D.      Rule 60(b)(1) factors satisfied

In seeking relief under Rule 60(b)(1), the defaulted party must establish that "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Ehlers*, 8 F.3d at 783.

**Good reason:**

The rejection notices from CT Corp. show that VGW Luckyland was never served with the summons and complaint. Thunder Decl. Exs. A-E. VGW Luckyland was not made aware of this lawsuit until July 11, 2023, *after* the default judgment had been entered, by way of notification from an unrelated company that received a copy of certain filings directed to VGW Luckyland but delivered to an old address with which VGW Luckyland was and is no longer associated. Thunder Removal Decl. ¶ 6.

Although Rule 55(b)(2)'s requirement of notice seven days before a default judgment hearing applies only as to parties who have appeared, such a motion is allowed only after entry of a clerk's default under Rule 55(a) – which entry is based upon the moving party's representation that the defaulting party had been properly served. Here, VGW Luckyland had not been properly served, so it received no notice of the motion for default judgment. VGW Luckyland does not know why CT Corp. failed properly to notify

8

it of the proceeding. Thunder Decl. ¶ 7. Regardless, this lack of actual notice before consideration of the motion for entry of default judgment surely constitutes "mistake" or "excusable neglect" under Rule 60(b)(1).

The Eleventh Circuit Court of Appeals decision in *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329 (11th Cir. 2015) is instructive. In that case, the Court of Appeals set aside a default judgment under Rule 60(b)(1) based on the fact that the defendant contested the validity of service and that "nothing in the record establishe[d] that anyone with managerial responsibilities" with defendant "knew anything about the case." *Id.* at 1344 (noting also that there was no evidence that defendant "willfully decided not to respond to the complaint for tactical reasons"). *See also Thompson v. American Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir. 1996) (affirming decision to set aside default judgment under Rule 60(b)(1), (4) and (6) where defendant lacked "actual notice of [the] lawsuit"); *Elliott v. Aurora Loan Servs., LLC*, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) (noting courts have found excusable neglect with "clerical or secretarial error, reasonable misunderstanding, a system gone awry," as well as "human error"); *accord Cellular Warehouse, Inc. v. GH Cellular, LLC*, 957 So. 2d 662, 666 (Fla. 3d DCA 2007) ("due process requires fair notice and a real opportunity to be heard before judgment is rendered").

**Meritorious defenses:**

VGW Luckyland clearly has "meritorious defenses that might have affected the outcome" of this case. *Ehlers*, 8 F.3d at 783. This includes, but is not limited to, the fact that Plaintiff's claims are subject to a binding arbitration provision, as set forth in detail in VGW Group's Motion to Compel Arbitration being filed simultaneously herewith, which

9

VGW Luckyland respectfully adopts and incorporates herein. Without repeating the Motion to Compel Arbitration, to summarize: Plaintiff claims that the VGW Group's online social casino-themed games are unlawful gambling under Florida law. Although Plaintiff is attempting to proceed anonymously, he concedes that he played the games. As a condition to playing the games, Plaintiff must have affirmatively accepted and agreed to the VGW Group's terms of use, under which he agreed to arbitrate all disputes with the VGW Group on an individual basis pursuant to the Consumer Arbitration Rules of the American Arbitration Association ("AAA"); delegated all questions of arbitrability, including the validity and enforceability of the arbitration agreement, to the AAA arbitrator; and expressly waived his right to bring or participate in a class action.

> Those terms state in pertinent part:
>
> **We Both Agree to Arbitrate**. By agreeing to these Terms [], and to the extent permitted by applicable law, both you and VGW Group agree to resolve any Disputes — including any Dispute concerning the enforceability, validity, scope of severability of this agreement to arbitrate — through final and binding arbitration.

VGW Luckyland Terms of Service, § 23.5 (included as Exhibit A to the Declaration of Michael Thunder in Support of the Motion to Compel Arbitration). The arbitration clause further states that it "will be construed under and be subject to the [FAA]" and "the [AAA] will administer the arbitration under its Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes," *i.e.*, the AAA Consumer Arbitration Rules. *Id.* at ¶¶ 23, 23.7.

In addition, the arbitration clause contains a clear and conspicuous class action waiver in a separate standalone section titled "Waiver of Class Action and Collective Arbitration," which states as follows:

10

> TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NEITHER YOU NOR VGW GROUP SHALL BE ENTITLED TO CONSOLIDATE, JOIN OR COORDINATE DISPUTES BY OR AGAINST OTHER INDIVIDUALS OR ENTITIES, OR PARTICIPATE IN ANY COLLECTIVE ARBITRATION (AS DEFINED ABOVE) OR ARBITRATE OR LITIGATE ANY DISPUTE IN A REPRESENTATIVE CAPACITY, INCLUDING AS A REPRESENTATIVE MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY OR OTHERWISE SEEK TO RECOVER FOR LOSSES INCURRED BY A THIRD PARTY. IN CONNECTION WITH ANY DISPUTE (AS DEFINED ABOVE), ANY AND ALL SUCH RIGHTS ARE HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVED.

*Id.* at ¶ 23.12.

Plaintiff's arbitration agreement and class action waiver is "valid, irrevocable, and enforceable," 9 U.S.C. § 2, and must be "rigorously enforce[d] . . . according to [its] terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013); *see also Pendergast v. Sprint Nextel Corp.*, 691 F.3d 1224, 1236 (11th Cir. 2012) ("[C]lass action waiver and the arbitration clause must be enforced according to their terms."). Thus, the default judgment entered by the state court without any discussion or analysis of the claims, should be set aside as inconsistent with Plaintiff's agreement to arbitrate all claims.

In addition, VGW Luckyland is prepared vigorously to defend against Plaintiff's claims on the merits, once its motion to compel arbitration is granted. VGW Luckyland believes its games are lawful under well-established principles of gambling law and that the statutes Plaintiff invokes in support of its claims do not afford the relief Plaintiff seeks.

**No prejudice to *Anonymous* Plaintiff:**

The final element necessary to set aside a default judgment under Rule 60(b)(1) also is amply met. As set forth in the Complaint and the Motion to Compel Arbitration, Plaintiff, *who is proceeding anonymously*, affirmatively accepted and agreed to the VGW Group's terms of use, under which he agreed to arbitrate all disputes, as a condition to

11

playing the games. Plaintiff cannot claim that being required to raise his claims through arbitration would prejudice him when he in fact agreed to this condition when he proceeded with playing the games.

Moreover, to claim prejudice in simply being required to do what the law requires – prove his claims – seems perverse where, as here, there is no evidence of any effort by VGW Luckyland to evade these proceedings. *See Sherrard v. Macy's Sys. & Technology Inc.*, 724 F.App'x. 736, 738-39 (11th Cir. 2018) ("there is no prejudice in requiring a plaintiff to prove his or her case"). In addition, mere delay in reaching a judgment does not constitute prejudice. *See id.* at 739 (citing *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)); *see also Thompson.*, 95 F.3d at 433.

Indeed, to show prejudice in this situation, Plaintiff would need to demonstrate that setting aside the default judgment would "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson,* 95 F.3d at 433-34; *see Sherrard*, 724 F.App'x at 739. Here there is no basis for any such allegation. The case was filed in May of this year, hardly time for there to be any concern for "loss of evidence," and VGW Luckyland has evidenced its willingness to appear and to contest Plaintiff's claims – in the appropriate venue of arbitration – through the alacrity with which it has responded as soon as it became aware of this case. Indeed, because the VGW Group's terms call for AAA consumer arbitration, any arbitral proceeding should be resolved quickly and efficiently – far more quickly than would ordinarily be the case in a federal court litigation. *See, e.g., Dowd v. TubeMaster, Inc.*, 2021 WL 4024452, *6 (E.D. Tex. June 15, 2021) (report of Magistrate Judge recommending that partial default judgment in state court be set aside and finding no

12

prejudice to plaintiff where case was only recently filed and there was no evidence of any attempt by defendant to evade or avoid judgment); *see also Dowd v. TubeMaster, Inc.*, 2021 WL 3931098 (E.D. Tex. Sept. 2, 2021) (adopting foregoing Magistrate Judge report and recommendation).

### III. The Requested Relief Can Be Granted Under Rules 54 or 55.

As noted, the default judgment entered was only partial, in that the state court reserved jurisdiction "to determine whether Plaintiff John Doe, … are to be established as a Class Representation [sic], and if so, to further determine the damages to be awarded to Plaintiff and the proposed Class…" **Exhibit 2** at 2 (*see also* ECF Doc. 1-3, Page ID no. 75). Thus, the judgment is not truly final and even if not set aside, Plaintiff would still need to litigate and establish what damages, if any, he may be entitled to recover.

Rule 55(c) permits a court to "set aside an entry of default for good cause…." Lack of actual notice and failure of proper service prior to the entry of the partial default judgment surely satisfies that requirement. *See, e.g., Dowd*, 2021 WL 4024452 at *4-*6 (setting aside partial default judgment under Rule 55(c) where failure of defendant to respond was not willful, defendant moved quickly to set aside judgment once learning of it, plaintiff would suffer no prejudice and defendant presented a meritorious defense).

Finally, Rule 54(b) provides that:

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

13

Here, the state court expressly left open the questions of the adequacy of Plaintiff as class representative, class certification and damages, and the judgment applied only to VGW Luckyland, not VGW Malta Ltd. For those reasons, under Rule 54(b), this Court is free to revise that judgment in any manner it deems appropriate. For all of the reasons already stated, VGW Luckyland respectfully requests that it set aside the judgment.

## CONCLUSION

For all of the foregoing reasons, in addition to the detailed discussion in the Motion to Compel Arbitration, Defendant VGW Luckyland respectfully requests this Court set aside the default judgment prematurely entered by the state court.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for Defendant VGW Luckyland conferred with opposing counsel via telephone and email but the parties were unable to reach agreement, and Plaintiff opposes this motion.

Dated: July 26, 2023

Respectfully submitted,

/s/ **T. Todd Pittenger**
T. Todd Pittenger – Lead Counsel
Florida Bar No. 768936
todd.pittenger@gray-robinson.com
Kelly J. H. Garcia
Florida Bar No. 0694851
kelly.garcia@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Tel. (407) 843-8880 / Fax: (407) 244-5690

Gregory D. Beaman (pro hac vice)
gbeaman@orrick.com
Orrick, Herrington & Sutcliffe LLP

14

51 West 52nd Street
New York, NY 10019-6142
Tel. 212-506-5000/ Fax: 212-506-5151

Behnam Dayanim (pending pro hac vice)
Bdayanim@orrick.com
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel. 202-339-8613

*Counsel for Defendant VGW Luckyland, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July 2023, I electronically filed the foregoing with the Clerk of the Court by using the CMECF system. I also HEREBY CERTIFY a copy of the foregoing was served by e-mail to Plaintiff's counsel: Dennis Wells, Webb & Wells, P.A., P.O. Box 915432, Longwood, FL 32779, denniswells2@icloud.com.

/s/ **T. Todd Pittenger**
T. Todd Pittenger, Esq.
*Counsel for Defendant VGW Luckyland, Inc.*

15